UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JOEL REAGIN, et al.,       )
                           )
       Plaintiffs,         )
                           )
   vs.                     )   Case No. 5:17-cv-00421-HNJ
                           )
NORMAN FRENCH,             )
                           )
       Defendant           )

## **MEMORANDUM OPINION**

This civil action for a partition and sale of property proceeds before the court on Plaintiffs' Motion to Remand. (Doc. 2). In their Motion, Plaintiffs argue that the federal court does not have subject matter jurisdiction to sustain removal because this case proceeds as an *in rem* or *quasi in rem* action. Because the Defendant's removal terminated the state court's quasi in rem jurisdiction over this action, the court **DENIES** the motion.

**Background**

Plaintiffs Joel Reagin, Susan Ann Morris Gardner, and Carol Massey, and Defendant Norman French, assumed ownership of an undivided, one fourth interest, "each in and to [particular] property by separate deeds," from the Wendell and Martha French Revocable Trust. Plaintiff filed this action in the Circuit Court of Lawrence County, Alabama, on February 14, 2017, seeking a "divide or partition, or sell for

partition," of the jointly-owned property pursuant to 1975 Ala. Code §§35-6-20 through 35-6-25 (1975). Defendant French, who avers he is a citizen of Texas, removed the action on March 17, 2017, alleging diversity jurisdiction. *See* 28 U.S.C. §1441(a) (allowing removal of civil actions over which the district courts have original jurisdiction); 28 U.S.C. §1332 (providing that federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000 . . . and is between . . . citizens of different states."). The Plaintiffs timely filed motions to remand this case to the state court.

**Standard of Review**

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted). Therefore, courts should construe "removal statutes . . . narrowly, with doubts resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.), *cert. denied*, 540 U.S. 877 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court").

The removing defendant "bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008)

(internal quotes omitted). Where jurisdiction is based on diversity of citizenship pursuant to § 1332, French, as the removing party invoking this court's jurisdiction, must establish diversity jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The court assesses the basis for federal jurisdiction at the time of removal. *Whitt v. Sherman Int'l Corp*, 147 F.3d 1325, 1332 (11th Cir. 1998).

## DISCUSSION

As the Supreme Court proclaims, federal courts "'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Marshall v. Marshall*, 547 U.S. 293, 298-99 (2006) (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821)). In the matter at bar, the case ostensibly falls under the Court's diversity subject matter jurisdiction: there exists complete diversity between the Plaintiffs and Defendant, and the amount in controversy exceeds $75,000 for each Plaintiff.[1] Therefore, if such analysis holds, then the defendant properly removed this case because the Court possessed original jurisdiction over the action. However,

---

[1] Where a plaintiff fails to specify monetary relief, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The court considers the complaint and the notice of removal when determining the amount in controversy. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).

Although the complaint does not make a specific monetary demand, the claims asserted in the complaint and the undisputed information in the notice of removal clearly show that Plaintiffs are demanding in excess of $75,000. Defendant presented the unopposed affidavit of Christopher A. Pettey, an appraiser of the subject property, and Mr. Pettey appraised the property's retrospective fair market value at $368,000. *See* Doc. 1-3, Pettey Aff., at 2. Apportioned among the Plaintiffs and the Defendant, such value amounts to $92,000 for each party, which satisfies § 1332(a)'s jurisdictional threshold.

there exist several common law exceptions to the exercise of otherwise proper subject matter jurisdiction, one of which arises in this case: the probate exception.

The probate exception serves as a longstanding limitation on otherwise properly exercised federal jurisdiction. *See Markham v. Allen*, 326 U.S. 490, 494 (1946); *Sutton v. English*, 246 U.S. 199 (1918). This exception stemmed from a general understanding that the equity jurisdiction conferred by the Judiciary Act of 1789 did not extend to probate matters. *See Sutton*, 246 U.S. at 205; *O'Callaghan v. O'Brien*, 199 U.S. 89, 105 (1905). The Supreme Court clarified the exception's scope in *Marshall* and delineated three circumstances where the probate exception limits federal court jurisdiction: (1) the probate or annulment of a will; (2) the administration of a decedent's estate; and (3) where the federal court endeavors to dispose of property that is in the custody of a state probate court. *Marshall*, 547 U.S. at 311-12. Federal courts may adjudicate matters "outside those confines and otherwise within federal jurisdiction." *Id.* at 312.

This action involves a sale for partition under Alabama law, and thus the request falls outside the first two categories of the probate exception: it does not involve the probate or annulment of a will, and it does not involve the administration of a decedent's estate.[2] The issue remains whether a state probate court maintains

---

[2] For similar reasons related to the probate of property, the Court rejects Plaintiffs' reliance upon *Westervelt Company Inc. v. Robertson*, No.: 7:15–cv–383, 2015 WL 5173586 (N.D. Ala. Sept. 2, 2015). In *Westervelt*, the Court declared that the state probate court maintained exclusive jurisdiction over the property at issue therein based upon the Alabama condemnation statute, and thus, the defendant improperly removed the case. *Id.* at *5; *but c.f., Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("[T]he

custody of the subject property, a circumstances which incites the general principle that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." 547 U.S. at 311.

The third category of the probate exception actually comprises the prior exclusive jurisdiction doctrine. *Goncalves By and Through Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1253 (9th Cir. 2017) (This aspect of *Marshall* "has little to do with probate; rather, it is an application of the prior exclusive jurisdiction doctrine.") (citation omitted).³ Pursuant to the doctrine, when litigants advance

---

jurisdiction of the federal courts, 'having existed from the beginning of the Federal government, cannot be impaired by subsequent state legislation creating courts of probate.'") (quoting *McClellan v. Carland*, 217 U.S. 268, 281 (1910)); 17A Fed. Prac. & Proc. Juris. § 4211 (3d ed. 2017) ("A state cannot defeat federal jurisdiction of a matter judicial in nature by confiding jurisdiction to a specialized state court, such as a probate court."); *Id.*, § 4211 n. 10 ("The Supreme Court emphatically reiterated in 2006 that a state's creation of and conferral of jurisdiction to a probate court cannot deprive a federal court of jurisdiction where the federal jurisdictional prerequisites are otherwise present.") (citing *Marshall*, 547 U.S. at 314). As reflected previously, the Plaintiffs filed this case in a state circuit court, not probate court.

As for *In re Moody*, Nos. 83-Y-2579-S, 83-HM-2999-S, 1984 U.S. Dist. LEXIS 19332 (N.D. Ala. Feb. 17, 1984), the decision merely states, without discussion and among a litany of reasons, that a state court receivership "is not subject to removal [to bankruptcy court] because the state court possesses exclusive in rem or quasi in rem jurisdiction." *Id.* at 21 (citing *Penn. Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 194-95 (1935); *Pennsylvania v. Williams*, 294 U.S. 176 (1935); *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939)). The *Moody* decision clearly indicated that it did not exclusively, or even primarily, rely upon this declaration to remand the case to state court, and in any event the complex procedural posture of the case renders it an inapposite authority for the matter at bar.

³ In further clarification, this component of the probate exception actually does not incite subject matter jurisdiction; jurisdiction over persons or property – in personam, in rem, and quasi in rem jurisdiction – do not constitute species of subject matter jurisdiction, contrary to the improper misnomer in some court decisions. *See Carvel v. Thomas and Agnes Carvel Foundation*, 188 F.3d 83, 86 (2d Cir. 1999) ("The Supreme Court spoke of jurisdiction in *Princess Lida*, but never of subject matter jurisdiction; it was exploring the difference between in personam and in rem proceedings. . . . The Court indicated that the doctrine it was expounding was a rule of comity or abstention, rather than one of subject matter jurisdiction."); *Falise v. American Tobacco Co.*, 241 B.R. 48, 62 (E.D.N.Y. 1999) ("Both in rem and quasi in rem jurisdiction deal with personal and not subject matter

5

*separate* in rem or quasi in rem cases in federal and state courts regarding the same property, the court first assuming jurisdiction over the res at issue maintains control over the property to the exclusion of the other court. *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *see United States v. $270,000 in U.S. Currency, Plus Interest*, 1 F.3d 1146, 1147 (11th Cir. 1993) ("A state court and a federal court cannot simultaneously exercise in rem jurisdiction over the same property.").[4]

The parties do not dispute that this case constitutes a *quasi in rem* action. The plaintiffs advance this cause to determine the status and disposition of property over which the parties have ownership interests. *See Ex Parte Bruner*, 749 So.2d 437, 440 (Ala. 1999)("a *quasi in rem* action is an action 'against the person in respect of the res, where, for example, it has for its object partition, or the sale or other disposition of [the] defendant's property.'")(quoting *Gill v. More*, 76 So. 453, 459 (Ala. 1917)).

---

jurisdiction.") (citing *Cargill, Inc. v. Sabine Trading & Shipping Co., Inc.*, 756 F.2d 224, 228–29 (2d Cir. 1985)).

[4] *See also Palmer v. Texas,* 212 U.S. 118, 125 (1909) ("If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty."); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."); *Penn. Gen.*, 294 U.S. at 195 (Where parallel state and federal proceedings seek to "determine interests in specific property as against the whole world (in rem), or where the parties [sic] interests in the property serve as the basis of the jurisdiction for the parallel proceedings (quasi in rem), then the doctrine of prior exclusive jurisdiction fully applies.")(citations and alterations omitted); 13F Fed. Prac. & Proc. Juris. § 3631 (3d ed. 2017) ("[F]ederal court[] jurisdiction is qualified by the ancient and oft-repeated rule—often called the doctrine of prior exclusive jurisdiction—that when a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, that authority and power over the property may not be disturbed by any other court.") (footnote and citations omitted).

The Plaintiffs argue primarily that the Lawrence County Circuit Court's assumption of quasi in rem jurisdiction, upon the initial filing in this case, precludes a federal court from exercising jurisdiction over the subject property. Implicitly, the Plaintiffs argue that the Lawrence County Circuit Court's assumption of quasi in rem jurisdiction should preclude jurisdiction in this Court, yet the Plaintiffs fail to acknowledge that this finding rests upon a missing premise: the existence of parallel proceedings in the Lawrence County Circuit Court and this federal court. As discerned previously, the prior exclusive jurisdiction doctrine proceeds on this foundational rule: federal and state courts in concurrent proceedings cannot maintain simultaneous custody over a res.

Those foundational circumstances do not exist in this case. As the Eleventh Circuit provides, a case removed to federal court terminates state court jurisdiction, and thus, the federal and state courts do not exercise concurrent jurisdiction, or maintain parallel proceedings, over the dispute. *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1256 (11th Cir. 1988); *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1251 (11th Cir. 2006) (A federal court sustains exclusive jurisdiction over an action removed from state court because "removal has terminated the state court's jurisdiction over the case."); *see also American Income Life Insurance Company v. Google, Inc.*, No. 2:11-cv-04126, 2012 WL 12902779, *3 (N.D. Ala. Feb. 23, 2012) ("Because the removal of this action to federal court 'terminated the jurisdiction of the state court,' no 'concurrent jurisdiction rested with both the state and federal court'" . . . .)

7

(quoting *Maseda*, 861 F.2d at 1256). Therefore, the Defendant's removal of this case terminated the Lawrence County Circuit's quasi in rem jurisdiction and lodged exclusive jurisdiction in this federal court. As there exists no other doctrine warranting the withdrawal of the Court's jurisdiction, the Plaintiffs' remand motion falters.

In a case presenting substantially similar facts, the district court reached the same conclusion as the undersigned. In *Barr v. Hagan*, 322 F. Supp. 2d 1280 (M.D. Ala. 2004), the plaintiff filed a petition for division in the Circuit Court of Barbour County, Alabama, pursuant to § 35-6-20. Defendants removed the case to federal court on the basis of diversity jurisdiction, and subsequently plaintiff moved to remand on the basis that the court lacked jurisdiction. The court held that the *Princess Lida* doctrine – or rather, the prior exclusive jurisdiction doctrine -- did not apply because removal resulted in the maintenance of a sole case for disposition; therefore, no jurisdictional conflict existed between the state and federal courts. *Barr*, 322 F. Supp. 2d at 1282. The court explained that "the removal of a case from state to federal court terminates the state court's jurisdiction, unless and until the case is remanded back to state court." *Id.* at 1282 (citing *Maseda*, 861 F.2d at 1255 n.11).

Plaintiffs cite to *Mercer v. Sechan Realty, Inc.*, 569 Fed. Appx. 652 (11th Cir. 2014) in support of their Motion to Remand, yet *Mercer* does not provide any relief. The Eleventh Circuit in *Mercer* held that a state court's initial attachment of *in rem* jurisdiction precludes federal courts from exercising jurisdiction. However, the applicable circumstances in *Mercer* involved parallel proceedings in federal and state

8

courts, which incited the Anti-Injunction Act's provision that a federal court may not "grant an injunction to stay proceedings in a State court except . . . [3] where necessary in aid of its jurisdiction." *Mercer*, 569 Fed. Appx. at 655 (citing 28 U.S.C. § 2283). As discussed in *Mercer*, the federal court could not enjoin a state court proceeding unless the federal court exercised in rem jurisdiction over a res before the state court assumed jurisdiction over the same res. *Mercer*, 569 Fed. Appx. at 656 (citing *Bayshore*, 471 F.3d at 1250-51). As discerned, those circumstances do not exist here because there exists only one case, not a conflict between two proceedings. Indeed, in rejecting an additional basis for applying the Anti-Injunction Act exception, the Eleventh Circuit acknowledged that removal of the case to federal court would have vested exclusive jurisdiction in federal court to the detriment of any prior in rem jurisdiction in state court. *Mercer,* 569 Fed. Appx. at 655-56.

In further support of their Motion, Plaintiffs rely upon *Florida First Nat'l Bank v. Bagley*, 508 F. Supp. 8, 10 (M.D. Fla. 1980), where the court held that the state court's acquisition of *quasi in rem* jurisdiction precludes removal, compels remand, and prevents a federal court from assuming jurisdiction. The *Bagley* decision does not contain any discussion as to its proposition's propriety, but it cites in support *Glenmede Trust Company v. Dow Chemical Company*, 384 F. Supp. 423 (E.D.Pa. 1974), where the court declared a "well settled" rule that "controversies arising in an *in rem* proceeding in a State court are not removable where the removal would interfere with the court's exclusive jurisdiction of the res." *Glenmede,* 385 F. Supp. at 433 (citing *People v. National*

9

*Cancer Hospital of America*, 153 F. Supp. 484 (S.D.N.Y. 1956); *Conners v. Federal Deposit Insurance Corporation*, 39 F. Supp. 812, 815 (E.D. Pa. 1941)). In *Glenmede*, the dispute involved the sale of certain stocks owned by a trust. The court therein ruled that the defendants improperly removed the case because the state court "acquired quasi in rem jurisdiction over the administration of the trust involved in this proceeding and has jurisdiction of the trust res." 385 F. Supp. at 432-33 (emphasis added).

The Court respectfully declines to adopt *Glenmede* and *Bagley* and instead heed the Supreme Court's instruction that courts for too long strayed and expansively interpreted the probate exception, leading to the Court's endeavor to curtail the doctrine in *Markham* and *Marshall*. *Marshall*, 547 U.S. at 299. As one court recently declared, "nothing in the text of the removal statutes or the case law construing them supports . . . a distinction [between *in rem* state court actions and other civil actions]." *Carstarphen v. Deutsche Bank Nat'l Trust Company*, No. 08-0511-WS-M, 2009 WL 1035490, *5 (S.D. Ala. April 17, 2009), *vacated in part on reconsid.*, 2009 WL 1537861 (S.D. Ala., June 1, 2009). "Applicable law provides that a defendant may remove 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction,' . . . without distinguishing among *in personam*, *in rem*, or *quasi in rem* proceedings." *Id.* (quoting 28 U.S.C. § 1441(a)). As previously discerned, "'it is . . . a well-settled rule of decision in the federal courts that, when a sufficient case for removal is made in the state court, the rightful jurisdiction of that court comes to an end . . . . When a cause has been removed to the federal court, as a matter of law and

of necessity that court acquires exclusive jurisdiction of the *res*.'" *Id.* (quoting *Ex parte Consolidated Graphite Corp.*, 129 So. 262, 265 (Ala. 1930)). Because Defendant removed Plaintiffs' case to federal court, the Lawrence County Circuit Court no longer exercises jurisdiction over this action or the subject res. *C.f.*, *Lucas v. Acheson*, No. 2:14–CV–0856, 2015 WL 685638, *5 (N.D. Ala. Feb. 18, 2015) (applying *Marshall* and maintaining jurisdiction of a case because "'the probate exception is inapplicable to disputes concerning administration of [a] trust'" as trust assets are "'not within the custody of a state court . . . .'") (quoting *Curtis v. Brunsting*, 704 F.3d 406, 409–10 (5th Cir. 2013)).

Finally, although federal courts do not often hear suits to partition and sell property, such actions have occurred in prior instances. *See, e.g.*, *Barr*, 322 F. Supp. 2d 1280; *McClendon v. Straub,* 193 F.2d 596, 5987 (5th Cir. 1952) (federal court possessed diversity jurisdiction over action for court to sell property sold and divide the proceeds among the joint owners); *Fischer v. Wurts*, No. CIV. A. 96–6863, 1997 WL 407987 (E.D. Penn. 1997) (court partitioning house owned by plaintiff and defendant as tenants in common).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand. The Court will issue an accompanying Order lifting the Stay in this action and directing the parties to pursue the appropriate prosecution of this matter.

11

**DONE** this 4th day of October, 2017.

                                                              HERMAN N. JOHNSON, JR.
                                                              UNITED STATES MAGISTRATE JUDGE